IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CURTIS WILLIAMS                                                    PLAINTIFF

vs.                              Civil No. 1:08-cv-01033

MICHAEL J. ASTRUE                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Curtis Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any

and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff filed his applications for DIB and SSI on May 3, 2004.  (Tr. 490-494, 744-746).

Plaintiff alleged he was disabled due to heart and stomach problems.  (Tr. 490).  Plaintiff alleged an

onset date of September 1, 1998.  (Tr. 490).  These applications were initially denied  and were

denied again on reconsideration.  (Tr. 749-753).  On January 20, 2005, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this
case are referenced by the designation "Tr."

administrative hearing on his applications.  (Tr. 483).  The hearing was held on September 14, 2005, in Little Rock, Arkansas.  (Tr. 805-826).  Plaintiff was present and represented by counsel Denver Thornton, at this hearing.  *See id.*  Plaintiff and Vocational Expert ("VE") Mark Welch testified at this hearing.  *See id.*  On the date of the hearing, Plaintiff was forty-nine(49) years old, which is defined as "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a high school education. (Tr. 808).

On March 31, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI.  (Tr. 14-25).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date, September 1, 1998.  (Tr. 424, Finding 1).  The ALJ determined Plaintiff had the severe impairments of chronic chest pain, hypertension, status post pancreatitis, history of helicobacter pylori infection, status post skin graft second to cellulites, peripheral neuropathy of the hands, tobacco abuse, and alcohol abuse.  (Tr. 424, Finding 2).  The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 424, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC").  (Tr. 421-424, Findings 4,5).  The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), 20 C.F.R. § 404.929 and 20 C.F.R. § 404.1529(c).  (Tr. 421).

After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) Plaintiff's daily activities were not indicative of someone who is completely disabled; (2) there was

2

no evidence Plaintiff used any strong medicine for pain; (3) there was no evidence of any side effects from Plaintiff's medication; (4) no treating physician placed the same level of limitation upon Plaintiff as claimed; (5) Plaintiff's work history not consistent with a strong motivation to maintain independent living status.  (Tr. 421-422).

The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC.  (Tr. 418-421, Finding 5).  Specifically, the ALJ determined Plaintiff retained the RFC to perform the full range of light work.

The ALJ then determined Plaintiff was unable to perform his Past Relevant Work ("PRW"). (Tr. 425, Finding 7).  The ALJ found, based on Plaintiff's age, education, previous work experience and his RFC, that Plaintiff was able to perform work existing in significant numbers in the national economy.  (Tr. 425, Finding 11).  Based on the Medica-Vocational Guidelines ("Grids"), the ALJ found Plaintiff was not under a disability from his alleged onset date through the date of the decision. (Tr. 425, Finding 13).

On March 31, 2006, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 412). *See* 20 C.F.R. § 404.984(b)(2).  On April 1, 2008, the Appeals Council declined to review this determination.  (Tr. 408).  On May 12, 2008, Plaintiff appealed the ALJ's decision to this Court.  (Doc. No. 1).  Both parties have filed appeal briefs.  (Doc. Nos. 6,9).  The parties consented to the jurisdiction of this Court on May 21, 2008.  (Doc. No. 4).

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record supporting the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

4

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox*, 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

Plaintiff brings the present appeal claiming the following: (A) the ALJ improperly relied upon the Grids and (B) substantial evidence does not support the ALJ's finding that alcoholism is a material contributing factor to Plaintiff's alleged impairment. In response, Defendant argues: (A) the ALJ properly relied upon the Grids and (B) substantial evidence supports the ALJ's finding that alcoholism is a material contributing factor to Plaintiff's alleged impairment.

The ALJ used the Grids to reach a conclusion of "not disabled." (Tr. 425, Finding 11). If the ALJ properly determines a claimant's RFC is not significantly diminished by a non-exertional limitation, then the ALJ may rely exclusively upon the Grids, and is not required to hear the testimony from a VE. However, the ALJ may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a non-exertional limitation. *See McGeorge v. Barnhart*, 321 F.3d 766, 768-69 (8th Cir. 2003).

A "non-exertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Non-exertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing

or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching.  *See* 20 C.F.R. § 404.1569a(c)(1).

The ALJ found Plaintiff had severe impairments which included chronic chest pain, hypertension, status post pancreatitis, history of helicobacter pylori infection, status post skin graft second to cellulites, peripheral neuropathy of the hands, tobacco abuse, and alcohol abuse.  (Tr. 424, Finding 2).  During the administrative hearing, the ALJ obtained the testimony of a VE.  The VE was asked questions based on a hypothetical person.  The VE found this person could not perform the PRW of Plaintiff and there were no jobs this person could perform.  (Tr. 825-826).

However, in his opinion the ALJ stated as follows:

> At the hearing, prior to reviewing the records regarding the  claimant's cardiac condition, the undersigned was convinced that the claimant would be limited to sedentary due to the history of having two heart attacks and continued chest pain. However, the records show that the claimant does not have a heart condition other than sporadic changes on the electrocardiogram and subjective complaints of chest pain when he carries wood. Consequently, while hypothetical questions were posed to the vocational expert which limited the individual to sedentary work, those are not applicable now, because giving the claimant the benefit of the doubt about his chest pain, there is no medically determinable impairment that could prevent him from performing at least light work activity. None the less, since his conclusion that the hypothetical individual that could perform sedentary work with some additional physical limitations and the same mental limitations set forth above was based, in the majority, on the mental limitations, I find, as did Mr. Welch, that such a person would not be capable of performing any job which exists in significant numbers in the national economy."

After reviewing the record, this Court finds that the ALJ's RFC determination is not supported by substantial evidence because the existence of nonexertional limitations should be included in any decision regarding the Plaintiff's RFC.  When the ability to perform a full range of work for a particular exertional level is compromised by the existence of nonexertional limitations,

the ALJ is required to consult a VE regarding the effect of those limitations on the availability of work. *See Beckley v. Apfel*, 152 F.3d 1056, 1060 (8th Cir. 1998). In this matter, the ALJ did consult a VE, but then determined the hypothetical question posed to the VE was not applicable after further review of the record. The ALJ then went on to find Plaintiff was not disabled based on the Medical-Vocational Grids.

The record shows Plaintiff has a history of shortness of breath and dizziness. (Tr. 150, 152, 183, 202, 209). The ALJ did not discuss or consider these nonexertional impairments. The record medical evidence documents the diagnoses of coronary artery disease and hypertension, and these could reasonably be expected to produce pain, shortness of breath and dizziness.

This matter should be remanded for the purpose of addressing Plaintiff's nonexertioanl limitations and, if needed, the testimony of a VE regarding the effect of all such limitations on the availability of work for the Plaintiff.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of August, 2009.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other point of error raised by the Plaintiff in this appeal.